United States District Court
Southern District of Texas
**ENTERED**
December 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Justin Ortega | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-22-1902 |
| | § | |
| The Kroger Company, et al., | § | |
|   Defendants. | § | |

# Report and Recommendation

This is a slip-and-fall personal injury case. Pending before the court is Defendants' Motion for Summary Judgment. ECF No. 7. The court recommends that the motion be GRANTED.

### 1. *Background and Procedural Posture*

These facts and events are not in dispute. Justin Ortega alleges that he slipped and fell at a Kroger store in Houston on January 26, 2019. ECF No. 1-1 at 3. He filed suit against Defendants in state court on January 26, 2021. *Id.* at 1. On September 16, 2021, the state court set the case for dismissal on October 21, 2021. ECF No. 7-1. The court noted that no defendant had been served and ordered that a verified motion to retain be filed by October 18, 2021, stating reasons why the case should not be dismissed for want of prosecution. *Id.* No motion to retain the case on the court's docket was filed, and the state court dismissed the case for want of prosecution on December 7, 2021. ECF No. 7-2. On December 10, 2021, Plaintiff filed a motion to reinstate the case. ECF No. 7-3. The motion conceded that the defendants had not yet been served. *Id.* at 1. The court reinstated the case on February 28, 2022. ECF No. 1-6. On March 15, 2022, Plaintiff requested that citations be issued electronically. ECF No. 7-4. The citations were issued on March 18, 2022. ECF No. 1-7. Defendants were served by mail on April 18, 2022. *Id.* The state court docket sheet contains only three entries—the December 7, 2021 dismissal order, the February 28, 2022 reinstatement, and a May 15, 2023 trial setting. ECF No. 1-6.

Defendants removed the case to federal court on June 10, 2022. ECF No. 1. Defendants now move for summary judgment arguing that Plaintiff's claim is barred by the two-year statute of limitations. ECF No. 7 at 2. Defendants argue that Plaintiff failed to exercise reasonable diligence in effectuating service of process after the limitations period expired on January 26, 2021. *Id.* at 2. Plaintiff argues that he was excused from exercising reasonable diligence due to the COVID-19 pandemic and certain orders the Texas Supreme Court entered to deal with the difficulties the pandemic presented. ECF No. 16.

2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting Celotex Corp., 477 U.S. at 324).

The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350. "[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence[]'" are not enough to defeat

2

a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). The nonmovant must "articulate the precise manner in which the submitted or identified evidence supports his or her claim." *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 273 (5th Cir. 2009) (quoting *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)).

*3. Statute of Limitations*

Because this case involves a personal injury, a two-year statute of limitations applies. *See* Tex. Civ. Prac. & Rem. Code § 16.003. In Texas, the burden is on the defendant to plead and prove the statute of limitations defense. Tex. R. Civ. P. 94. If the evidence shows that the plaintiff has failed to timely serve the defendant, the burden shifts to the plaintiff to explain the delay. *Butler v. Ross*, 836 S.W.2d 833, 835 (Tex. App.—Houston [1st Dist.] 1992, no pet.). To toll the limitations period, the Plaintiff must show that he exercised diligence in procuring the issuance and service of the citation on the defendant. *Id.* Unexplained delays constitute a lack of diligence. *Id.* If the plaintiff offers an explanation for the delay, the burden shifts back to the defendant to show that the plaintiff's explanation is insufficient as a matter of law. *Rogers v. Dunham*, 478 F. App'x 875, 877 (5th Cir. 2012).

Ordinarily, diligence is a fact question for the jury. *Rogers*, 478 F. App'x at 877. However, "[a]t summary judgment, plaintiff's diligence may be determined 'as a matter of law only if no valid excuse exists for the delay or if the lapse of time and the plaintiff's actions, or inaction, conclusively negate diligence.'" *Id.* (quoting *Tranter v. Duemling*, 129 S.W.3d 257, 259–60 (Tex. App.—El Paso 2004, no pet.)). Texas courts have held that delays in service of between four and six months may negate diligence as a matter of law. *Contreras v. Chavez*, 420 F. App'x 379, 381 (5th Cir. 2011) (collecting cases).

Defendants have presented evidence that Plaintiff filed suit on the two-year anniversary of his injury. Defendants have shown the absence of evidence of any effort by Plaintiff to obtain the citations

3

from the court until almost fourteen months later. Even when the court notified Plaintiff that it would dismiss the case for failure to serve any defendant, Plaintiff still did nothing for almost six more months. Plaintiff noted in his own December 10, 2021 motion to reinstate that he had yet to serve defendants, but still did nothing for another three months. Plaintiff states that citations were requested earlier by previous counsel, ECF No. 16 at 5, but cites no evidence in support that statement. Plaintiff has failed to demonstrate any diligence whatsoever between January 26, 2021—when he filed suit, and March 15, 2022—when he requested the citations be issued.

Plaintiff does not present any information about the activities counsel undertook during those nearly fourteen months. There is no indication that any case activity at all took place other than to have the case dismissed and reinstated. *See, e.g.*, *Rogers*, 478 F. App'x at 878 (concluding that activities such as online research, telephone calls, and hiring an investigator to learn about the defendant's identity were sufficient at the summary judgment stage to explain plaintiff's delay).

Plaintiff blames the pandemic for his inaction. Plaintiff does not explain how the pandemic prevented him from interacting with the court or serving defendants by mail. Plaintiff relies on the Texas Supreme Court's Twenty-First Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 20-9091, 609 S.W.3d 128 (Tex. July 31, 2020), which suspended all deadlines for service in all civil cases to September 15, 2020. It is unclear how that Order has any bearing on this case which was filed months after the order expired. Plaintiff also relies on the Texas Supreme Court's Fortieth Emergency Order Regarding the COVID-19 State of Disaster, Misc. Docket No. 21-9079, 629 S.W.3d 911 (Tex. July 19, 2021). That order gave courts discretion to extend case deadlines to no later than October 1, 2021. Assuming that the state judge extended deadlines in this case under that Order, Plaintiff still does not explain the more than five-month delay between October 1, 2021, and March 15, 2022, when he requested issuance of the citations.

*4. Conclusion*

Because there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law, the court recommends that Defendant's summary judgment motion be GRANTED and that this case be dismissed with prejudice.

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. See *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 21, 2022.

_____
Peter Bray
United States Magistrate Judge